# Arnold *et al.*, Post No 13, G. A. R. *versus* The Macungie Savings Bank.

1. Hamersly deposited in bank the proceeds of an excursion, to the credit of himself and two others, as "trustees of Post 13, G. A. R ;" the bank paid the deposit to Hamersly, after notice by the Post not to pay him. In a suit by the Post against the bank, the evidence was conflicting on the question of ownership. The court charged that if the plaintiffs did not satisfy them by evidence stronger than the defendants', that the money belonged to them, the verdict should be for the defendants. *Held,* to be error.

2. The money being deposited to the credit of the Post, primâ facie belonged to it, and the burden was on the defendant to show that it belonged to Hamersly.

3. Hamersly being on the stand was asked: "Did you receive one-half of the profits of this excursion, a portion of which is the amount in dispute, and had you proposed before to the Grand Army of the Republic that they should have one-half of the profits ?" *Held,* that the question was pertinent as bearing upon the question of the ownership of the fund.

March 18th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lehigh county:* No. 37, to July Term 1871.

This was an action of assumpsit brought February 25th 1870, by Jacob A. Arnold and thirteen others, "partners trading as Post No. 13, Grand Army of the Republic, against the Macungie Savings Bank." The suit was brought to recover a sum of money deposited in the bank in the name of "W. W. Hamersly, H. C.

21 P. F. SMITH—19

[Arnold *v.* Macungie Savings Bank.]

Hunsberger and T. T. Apple, trustees of Post No. 13, Grand Army of the Republic."

The case was tried April 12th 1871.

For the plaintiffs, W. C. Lichtenwalner, cashier of the bank, testified that a deposit of $190 was made in the bank by W. W. Hamersly in the names of the persons above named, as trustees of Post No. 13, &c. ; at the time of the deposit Hamersly said it was to be credited to Post No. 13, &c. ; the witness gave Hamersly a certificate of deposit; $40 had been drawn out by Hamersly ; in July and August the bank received the following notice at its date :—

"Headquarters Post No. 13, G. A. R.,
"Allentown, Pa., Sept. 23d 1869.

"On motion it was resolved, that the Macungie Saving Institution be hereby notified that the money deposited by W. W. Hamersly, in favor of the trustees of the G. A. R., shall not be paid to any one unless by an order from the Post, signed by the Post Commander and attested by the Adjutant, in favor of the Q. M. of the Post.

"A. J. LAUBACH, M. D., Post Commander.
"Attest :
"A. J. HELFRICH, Post Adjutant."

On the 30th of September $150 was paid to Hamersly and the certificate returned; when he made the deposit he said the money was his own; that it was the proceeds of an excursion; he at first gave his own name as trustee, and then at the suggestion of the witness added the other two.

The plaintiffs then rested.

The defendant gave evidence by the same witness that Hamersly said at the time of the deposit that he had realized the money from an excursion in which he and one Schaffer were concerned, and that he wished the money placed so that he could draw it when he wanted it.

Hamersly testified that the money was realized from an excursion by Schaffer and Stem and witness; he had proposed that the Post should receive one-half the profits if the members would sell 160 tickets; the Post accepted the proposition, and appointed a committee of three, and then discharged the committee; the Post had no interest in the excursion when it took place; "I considered the Post as having forfeited their agreement; I did not act as agent of the Post, what I did in the matter I did for myself; I deposited the money in the names of the trustees, because I intended to give it for charitable purposes."

Plaintiffs on cross-examination proposed to ask witness "did you receive one-half of the profits of this excursion, a portion of which is the amount in dispute, and had you proposed before to the

[Arnold v. Macungie Savings Bank.]

Grand Army of the Republic that they should have one-half of the profits?" Objected to by the defendants, rejected by the court, and a bill of exceptions sealed.

There was other evidence corroborative of Hamersly's.

The plaintiffs in rebuttal gave evidence from witnesses and the minutes of the Post that Hamersly proposed to the Post in April 1869 that they should join some railroad men in an excursion to Central Park, New York; the proposition was accepted and Hamersly and two others appointed a committee of arrangements; the persons in whose names the money was deposited were appointed trustees of the fund; there was no proposition that 160 tickets should be sold by the Post; the enterprise was not abandoned by the Post; the committee was not discharged.

There was other evidence corroborative of this testimony, and also that Hamersly had asked permission to appropriate part of the fund to the Avondale sufferers.

The following were points of plaintiffs which were denied by the court:—

2. If the court believe that W. W. Hamersly, Dr. S. S. Apple and H. C. Hunsberger were trustees for plaintiffs, and that the money was deposited in their names, the jury are warranted in believing the money so deposited was the money of the plaintiffs, unless the contrary is established by evidence that is clear, positive and conclusive.

3. If the jury believe that the sum of one hundred and fifty dollars was deposited in the bank of defendant by the plaintiffs, and that the deposit was made in the name of the plaintiffs, the plaintiffs have the right to control the fund as their own. And if after notice the defendants pay out said fund to unauthorized parties, they are liable to the plaintiffs as owners of the fund.

The court (Longaker, P. J.) further charged:— * * *

["You have also heard the plaintiffs' witnesses, and it is for you to find from all the testimony in the cause whether the plaintiffs have satisfied you by proof stronger than that of the defendant, that the fund deposited belonged to them.] If they have so satisfied you, your verdict will be for the plaintiffs. If they have not so satisfied you, your verdict will be for the defendant generally." * * *

"It is alleged that the money was a gift to the plaintiffs, even if they were not entitled to it as being parties to the transaction out of which it was realized. [To constitute a gift *inter vivos*, there must be an actual delivery of the fund itself, or an actual assignment and surrender of the certificate. You will determine under all the evidence whether] or not this fund, even if it were realized by Col. Hamersly individually, was delivered to the plaintiffs to be theirs absolutely—if it was not they cannot recover upon the assumption of a gift. You will therefore take the case and

[Arnold *v.* Macungie Savings Bank.]

say whether under all the testimony you are satisfied by proof stronger than that of the defendant that this money was the property of the plaintiffs. If it were not, the defendant will be entitled to your verdict."

The verdict was for the defendant.

The plaintiffs took a writ of error and assigned for error: the denial of their points; the refusal to allow the question proposed to Hamersly, and the parts of the charge in brackets.

*H. C. Hunsberger* and *C. J. Erdman* for plaintiffs in error.— A deposit made by a depositor as agent is primâ facie the property of the principal: Bank of Northern Liberties v. Jones, 6 Wright 536; Frazier v. Erie Bank, 8 W. & S. 18; Jackson v. Bank U. S., 10 Barr 61; Bank U. S. v. Macalester, 9 Id. 475; Stair v. The York National Bank, 5 P. F. Smith 364; F. & M. National Bank v. King, 7 Id. 202. The question asked of Hamersly was as to part of *res gestæ:* 1 Starkie on Evidence 31, 67, 87, 466.

*G. B. Schall, F. A. R. Baldwin* and *C. M. Runk,* for defendant in error, cited 1 Greenl. Ev., sect. 1, 13.

The opinion of the court was delivered, October 23d 1872, by

WILLIAMS, J.—This action was brought to recover one hundred and fifty dollars, the residue of a larger sum deposited in the bank by W. W. Hamersly, to the credit of the plaintiffs' trustees, of whom he was one, and to whom the bank paid the money after notice from the plaintiffs not to pay, or to any one unless by an order from the Post, signed by the Post commander and attested by the adjutant, in favor of the quartermaster of the Post. The whole controversy on the trial was in relation to the ownership of the fund—whether it belonged to the plaintiffs or to Hamersly— and the court submitted the question to the jury, with the instruction that if it belonged to the plaintiffs they were entitled to recover; but if it did not, the verdict should be for the defendant. This instruction was clearly right, and the plaintiffs do not complain of it. But they allege, and, as we think, not without good reason, that the court erred in charging the jury: "It is for you to find from all the testimony in the cause, whether the plaintiffs have satisfied you by proof stronger than that of the defendant, that the fund deposited belonged to them. If they have so satisfied you, your verdict will be for the plaintiffs. If they have not so satisfied you, your verdict will be for the defendant generally."

Primâ facie, the money belonged to the plaintiffs, as it was deposited to the credit of the trustees. The burden of proof was, therefore, on the defendant of showing that it did not belong to them, but that it belonged to Hamersly, to whom it had been paid, and the court should have instructed the jury that the burden of proof was on the defendant, and if the evidence failed to satisfy

[Arnold v. Macungie Savings Bank.]

them that the money belonged to Hamersly, their verdict should be for the plaintiffs.

We also think there was error in ruling out the question put by the plaintiffs to Hamersly on his cross-examination. The plaintiffs clearly had the right to put any question to him touching the ownership of the fund. As an answer to the question might have shed some light on the subject-matter in controversy, the question was clearly pertinent, and it was error to exclude it.

The other assignments of error are not sustained, and there is nothing in any of them requiring special notice.

Judgment reversed, and a *venire facias de novo* awarded.