## Fuchs's Petition.

*Trusts and trustees—Mother as trustee for daughter—Payment of principal—Payment of income—Presumption—Gifts—Advancement—Evidence—Findings of fact.*

1. A finding of fact by the common pleas that a deceased mother, who had been trustee for her daughter, had paid no part of the principal of the trust to her daughter, will not be reversed, in the absence of manifest error.

2. Large payments, equalling the amount of the principal, paid by the mother to her daughter from time to time, will be presumed, after the mother's death, to be payments on account of interest, and not advancements or gifts; and this is especially the case where it appears that the daughter, although in need, admitted that she had never made any demand on her mother for any of the accumulated income. This is strong proof that such income had been paid to her.

Argued October 18, 1920. Appeal, No. 171, Oct. T., 1920, by Barbara Snyder, executrix of Margaretha Schmitt, deceased, from decree of C. P. Allegheny Co., Oct. T., 1919, No. 1660, dismissing petition to pay over money, in matter of trust estate of Maria Fuchs. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Decree modified and affirmed.

Petition by Maria Fuchs for an order on Barbara Snyder, executrix of Margaretha Schmitt, to pay over money alleged to have been a trust fund held by deceased for petitioner and her children. Before STONE, J.

The opinion of the Supreme Court states the facts.

The court entered a decree ordering the respondent to pay over to the petitioner the sum of $4,000, with interest at the rate of five per cent from November 5, 1889, to the date of the order. Barbara Snyder, executrix, appealed.

*Error assigned,* inter alia, was order, quoting it.

*W. L. McConegly,* for appellant, cited: Beal v. Kline, 183 Pa. 149.

1920.]        Arguments—Opinion of the Court.

*Bradley McK. Burns,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, December 31, 1920:

On December 10, 1886, Margaretha Schmitt created, by deed, a separate use trust for the benefit of her daughter, Maria Fuchs, wife of Peter Fuchs, for life, the income to be paid to him for life, if he should survive his wife, with remainder to their children upon the death of both. Peter Fuchs, the husband of the cestui que trust, died May 11, 1918, and subsequently their children released to their mother all of their right, title and interest in the trust. In 1889 Margaretha Schmitt, as substituted trustee in the trust created for her daughter, received $4,000, the proceeds of the sale of real estate which had constituted the corpus of the trust. Mrs. Schmitt died February 21, 1919, and, upon the petition of Maria Fuchs, praying that the said trust be declared terminated, the court below ordered Barbara Snyder, executrix of the deceased trustee, to pay to the petitioner the sum of $4,000, with interest from November 5, 1889, the date of the receipt of that sum by the trustee, to May 19, 1920, the date of the order. From this the executrix has appealed, her contention in the court below, renewed here, being that the trustee had lawfully paid to the cestui que trust the corpus of the trust and all interest accrued thereon. The court below found as a fact that the trustee had not paid the principal of the trust fund to the appellee. We have not been persuaded that this was error, and may add that we cannot understand how the principal could have been paid to the cestui que trust when she did not have capacity to receive it and release the trustee from all liability to the other beneficiaries in the trust. We cannot, however, concur in so much of the order of the court as awards interest to the petitioner for any period prior to the death of the trustee.

The court's twelfth finding was, "From the evidence taken we find that during her lifetime Margaretha Schmitt paid various sums after she became trustee for her daughter, Maria Fuchs, which total payments made would amount to, at least, if not more than, the principal sum of $4,000, and income thereon; but there is nothing in the evidence returned to us by the commissioner indicating that such payments as were made by the mother, to or for or [on] account of the daughter, were, in fact, made in settlement of or on account of said trust fund." A legal conclusion following this was, "Such payments as were made by mother to daughter, or for her account, were voluntary payments and were nothing more than would be expected under the circumstances, and it is only fair to presume that the payments as made, were on account of natural love and affection, and were not attempted to be in liquidation of the trust estate."

There is no presumption that the heavy payments made by the trustee to her daughter were gifts. The presumption, under appellee's own contention, is just the opposite, for if the mother was indebted to her, the presumption of the law is that they were made on account of the indebtedness. The general rule as to gifts is: "The burden of proof is on the one claiming to be the donee of property to establish all the facts essential to the validity of such gift: 20 Cyclopedia of Law & Procedure, 1219": Maxler v. Hawk, 233 Pa. 316. This rule is to be strictly enforced in the present case, for it offends reason to assert that the mother made heavy payments to the appellee and permitted indebtedness to the latter to accumulate to an amount exceeding the trustee's entire individual estate, as it admittedly does. The appellee, though constantly in need, admits that she never made demand on her mother for any of the accumulated income, and this is strong proof that it had been paid to her.

So much of the order of the court below as charges the estate of Margaretha Schmitt, deceased, with the payment of interest up to the time of her death is reversed, the interest to be computed only from her death. As so modified, the order is affirmed, the costs below and on this appeal to be paid out of the trust fund.