## Benkart, Appellant, v. Commonwealth Trust Co.

*Trust and trustees—Husband and wife—Disposal of personal property in husband's lifetime — Fraudulent intent — Gift inter vivos.*

1. During his life a man may dispose of his personal property by voluntary gift, or otherwise, as he pleases, and it is not a fraud upon the rights of his widow or children.

2. Where a married man executes a deed of trust of personal property for the benefit of his son, and brothers and sisters, and delivers to the trustee the personal assets involved, without further control over them, his wife, after his death, cannot have the deed declared invalid on the ground that it was in fraud of her rights.

3. The fraudulent intent which will defeat a gift inter vivos cannot be predicated of the husband's intent to deprive his wife of her distributive share in his estate as widow.

Argued October 20, 1920. Appeal, No. 71, Oct. T., 1920, by plaintiff, from decree of C. P. Allegheny Co., Oct. T., 1918, No. 845, dismissing bill in equity in case of Gertrude McC. Benkart v. Commonwealth Trust Co. of Pittsburgh, Trustee, et al. Before BROWN, C. J., MOSCH-ZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity to declare deed of trust invalid. Before REID, J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*J. A. Langfitt,* with him *H. W. McIntosh* and *Thos. F. Garrahan,* for appellant.

*Henry G. Wasson,* with him *Robert F. Graham,* for appellee.

PER CURIAM, December 31, 1920:

The plaintiff, the widow of Alfred E. Benkart, elected to take against his will, and filed a bill in the court below to have declared invalid, as against her, a trust which he created, in writing, on April 16, 1914, the trustee named being the Commonwealth Trust Company. The beneficiaries named were the settlor's son and his brothers and sisters, should the son die before him. The property, all personal, mentioned in the trust consisted of three policies of insurance on the life of the settlor, payable at his death and aggregating $10,000. The policies were delivered to the trustee cotemporaneously with the creation of the trust, and thereafter, at various times prior to June 5, 1918—the date of testator's death—he deposited with the trustee other personal property, amounting to $20,000 and upwards, subject to the same conditions.

In dismissing the bill the learned chancellor below was convinced "that the trust agreement was not of a testamentary character, was delivered in good faith by the settlor, accompanied by an actual and unequivocal delivery of the possession and control of the assets involved; the fund established was at all times preserved intact and undisturbed by any withdrawals by the settlor, and he at no time sought to participate either in the enjoyment of the corpus of such fund or in the income derived from it; in short, it had all the indicia of similar trusts which the decisions show have been sustained in Pennsylvania." Our examination of the record has led us to the same conclusion, and the bill was properly dismissed under Windolph v. Girard Trust Company, 245 Pa. 349. What was there said is controlling

here: "It is the settled law in this State, as was the common law, that during his life a man may dispose of his personal estate by voluntary gift or otherwise as he pleases, and it is not a fraud upon the rights of his widow or children: Ellmaker v. Ellmaker, 4 Watts 89; Pringle v. Pringle, 59 Pa. 281; Dickerson's App., 115 Pa. 198. This power arises from the fact that he is the absolute owner and hence may make a gift, declare a trust, or otherwise dispose of his personal property at his pleasure. During his life his wife and children have no vested interest in his personal estate, and hence they cannot complain of any disposition he sees fit to make of it. Their right to his property attaches only at his death. ......The indispensable foundation for any limitation on his control is a fraudulent intent to defeat his wife's statutory rights as widow: Young's Est., 202 Pa. 431. If the gift is absolute and accompanied by a transfer of possession with intent to divest the donor of his ownership, although the obvious effect is to defeat the wife's or children's succession to the property at the donor's death, it is not fraudulent and therefore invalid...... In Lines v. Lines, 142 Pa. 149, we held that the 'good faith' required of the donor or settlor in making a valid disposition of his property during life does not refer to the purpose to affect his wife but to the intent to divest himself of the ownership of the property. It is, therefore, apparent that the fraudulent intent which will defeat a gift inter vivos cannot be predicated of the husband's intent to deprive the wife of her distributive share in his estate as widow."

Decree affirmed at appellant's costs.