## White *v.* Berardina, Appellant.

*Contracts—Banks and banking—Contract of deposit—Assumpsit —Affidavit of defense—Insufficiency.*

In an action of assumpsit to recover a bank deposit brought by plaintiff as administrator of the estate of a deceased depositor, it appeared that the defendant was a private banker in Philadelphia and that the deceased, ten days prior to his death, had deposited $225 with the bank. Letters of administration upon his estate were granted to the plaintiff by the register of wills of Delaware County, and the administrator having exhibited the evidence of his appointment to the defendant, demanded the amount of the deposit, which was refused. An affidavit of defense was filed, averring that the defendant, in pursuance of a written contract between himself and the decedent had forwarded the amount of the deposit to the mayor of the decedent's home town in Italy for distribution among

the depositor's heirs. He further averred as authority for this action a stipulation in the deposit book which read:

"In the event of the death of the depositor, excepting previous dispositions to the contrary having been made by the same, the amount remaining to his credit shall be sent to the mayor of his town to be delivered to whom it shall be entitled."

*Held:* that the affidavit of defense was insufficient.

The decedent being domiciled in Chester, Delaware County, at the time of his death, the orphans' court of that county was the proper tribunal to determine the distribution of his estate.

Argued October 21, 1920. Appeal, No. 135, Oct. T., 1920, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1919, No. 4178, for want of a sufficient affidavit of defense in the case of Eugene F. White, administrator of the estate of Antonio Manchi, deceased, v. M. Berardina. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the order of the court.

*Wesley H. Caldwell,* and with him *Robert S. Bright,* for appellant.—The defendant was entitled to pay over the money in accordance with the terms of the contract: Mattocks v. Brown, 103 Pa. 16; Pringle v. Pringle, 59 Pa. 281; Com., etc., Co. v. Folz, 23 Pa. Superior Ct. 558; Hostetter v. Hollinger, 117 Pa. 606; Adams v. Kuehn, 119 Pa. 76; McClaughry v. McClaughry, 121 Pa. 477.

The mayor of Guarcino was appointed a trustee to make distribution: Eshbach's Est., 197 Pa. 153; Ashhurst v. Given, 5 Watts & Sergeant 323; Lines v. Lines, 142 Pa. 149; Dickerson's App., 115 Pa. 198; Reiff's Est., 16 Pa. Superior Ct. 80.

*John E. McDonough,* and with him *John F. Gorman,* for appellee, cited: Ashman's Est., 223 Pa. 543; Smith's Est., 144 Pa. 128; Augusta Savings Bank v. Fogg, 82 Me. 538; Parcher v. Saco, etc., Savings Bank, 72 Me. 470; Norway Savings Bank v. Merriam, 88 Me. 146; Painter's Est., 42 Pa. 156.

OPINION BY LINN, J., March 5, 1921:

This is an appeal from a judgment entered for want of a sufficient affidavit of defense in an action of assumpsit to recover a bank deposit, brought by the plaintiff as administrator of the estate of Antonio Manchi, deceased. Defendant is a private banker in Philadelphia. Decedent was domiciled in Chester, Pa., and died there August 14, 1919. Ten days earlier he had deposited with defendant $225 but no part of it had been withdrawn. Letters of administration upon his estate were granted to plaintiff by the register of wills of Delaware County. On October 1, 1919, the administrator exhibited to defendant the evidence of his appointment and demanded the amount of the deposit, which defendant refused to pay.

In his affidavit of defense, defendant averred that after the demand made upon him, he, on or about October 6th, pursuant to "a written contract between decedent and defendant," forwarded the amount of the deposit "to the mayor of Guarcino, the depositor's home town, for distribution among the depositor's heirs." He averred that when the deposit was made, it was credited in a deposit book given to the depositor containing under the heading "Notice" certain printed regulations relating to banking hours, withdrawals, etc., and the following: "In the event of the death of the depositor, excepting previous depositions to the contrary having been made by the same, the amount remaining to his credit shall be sent to the mayor of his town to be delivered to whom it shall be entitled." The notice from which that is quoted is printed in Italian, but the record con-

tains a stipulation of its correct translation.   Defendant further alleged that plaintiff's decedent had informed defendant "that he was a single man of twenty-five years of age and his place of birth and home town was Guarcino, in the Province of Rome, Italy."

Appellant's contention is thus stated by his learned counsel, "The agreement of deposit is a contract in the nature of a trust for the benefit of the decedent's heirs in Italy."   It was neither a trust nor a gift: Ashman's Est., 223 Pa. 543, and cases there cited.   It contains no provision for the payment to decedent's heirs in Italy. Among the parties "to whom it shall be entitled" may be his creditors or his next of kin or heirs, or "previous depositions to the contrary" may have been made.   Nor was it the deposit of money with another for payment to a third person, so that the decisions cited on that subject are not pertinent.   The decedent being domiciled in Chester, Delaware County, at the time of his death, the orphans' court of that county will determine who is entitled to his estate; neither the defendant nor the mayor to whom he sent this part of the estate are empowered to do so.

The judgment is affirmed.