## Mandel, Appellant, v. Bron.

*Trusts and trustees—Trustee ex maleficio—Assignment of mortgage—Agreement to reassign—Husband and wife—Fraud—Equity —Findings of fact—Appeal—Absence of manifest error.*

1. Where a father assigns a mortgage to his daughter under an express parol agreement to reassign the same to him at any time on demand, which she refuses to do, she may be compelled to do so on a bill in equity.

2. In such case, the court cannot refuse relief on the ground that the assignment was for the unlawful purpose of concealing the assignor's assets from his wife or other creditors, where there is nothing to show that he was indebted to his wife or to any one else or sought to defraud prospective creditors.

3. A husband during his life may dispose of his personal property by voluntary gift, or otherwise, as he pleases, and it is not a fraud upon the rights of his wife.

4. Moreover, a widow is entitled to share in trust property of which her husband was the beneficial owner; so the wife was not harmed by such trust.

5. A chancellor's findings of facts based upon sufficient evidence will not be reversed in the absence of manifest error.

Argued March 28, 1921. Appeal, No. 200, Jan. T., 1921, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1919, No. 3810, on bill in equity, in case of Hyman Mandel v. Jennie Bron. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Reversed.

Bill in equity to compel reassignment of mortgage. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Error assigned,* among others, was decree, quoting it.

*Abraham Wernick,* with him *I. G. Gordon Forster* and *Rowland C. Evans,* for appellant.—In a case of husband and wife no fraud can be predicated on the attempt of the husband to dispose of his property: Lines v. Lines, 142 Pa. 149.

*Raymond A. White,* with him *Maurice W. Sloan,* for appellee.—Equity has no relief for a party who in the practice of one fraud has become the victim of another: Reynolds v. Boland, 202 Pa. 642; Blystone v. Blystone, 51 Pa. 373; Binkley v. Nolt, 46 Pa. Superior Ct. 531.

OPINION BY MR. JUSTICE WALLING, May 26, 1921:

In the fall of 1919, the plaintiff, Hyman Mandel, became the owner of a $2,000 mortgage upon real estate of Harry L. Tiefenrun, to whose mother plaintiff had been recently married. On November 5th of that year Mandel assigned the mortgage of record to the defendant, his daughter, under an express parol agreement to reassign the same to him at any time upon demand, which she later refused to do; hence this bill in equity praying for a decree ordering a reassignment of the mortgage.

The assignment recites a consideration of $2,000; in fact none was paid. Two days after the assignment was left for record, plaintiff handed the recorder's receipt therefor to defendant, with a remark tending to show he was making her a gift. However, the real transaction was an assignment in trust and not a gift; as the chancellor found, inter alia: "That several days prior to the 5th day of November, 1919, it was orally agreed by and between plaintiff and Jennie Bron, his daughter, in the presence of Charles Bentz, that the said mortgage should be assigned to his daughter, Jennie Bron, as trustee, and that the said Jennie Bron would reassign the said mortgage to the plaintiff upon demand. That several days prior to the 5th day of November, 1919, the said Jennie Bron, in the presence of Charles Bentz, orally promised to hold the said mortgage for the plaintiff and that she would reassign the said mortgage to the plaintiff at any time upon demand. That the said Jennie Bron, the defendant, paid absolutely no consideration for the assignment of the said mortgage mentioned aforesaid and that the said mortgage was assigned solely in pursuance of the oral agreement made by and between plaintiff and defendant, and in reliance upon the representations and promise made by the said Jennie Bron, at the time, that she would hold the said mortgage as trustee for the plaintiff and would at any time reassign the said mortgage to him, plaintiff, upon demand." But the chancellor dismissed plaintiff's bill on the ground that the assignment was for the unlawful purpose of concealing his assets from his wife or other creditors; from which decree plaintiff brought this appeal.

The relief prayed for should have been granted. There is no averment or proof that Mandel was indebted to his wife or to any other person in any sum whatever, or that he assigned the mortgage to conceal it from present or prospective creditors. True, plaintiff was temporarily separated from his wife, because of some diffi-

culty, and desired to place the mortgage in the name of one of his children until he settled with the wife, when he would have it reassigned. This settlement was soon made and Mandel returned to his wife, but defendant refused to reassign the mortgage and claimed it as a gift. The finding that it was a trust is abundantly supported by the evidence, and, being a trust for plaintiff's use, it could not be a gift to defendant. Mandel's transfer of the mortgage to his daughter, whether in trust for his own use or as a gift to her, was not fraudulent as to his wife. "During his life a man may dispose of his personal property by voluntary gift, or otherwise, as he pleases, and it is not a fraud upon the rights of his widow or children": Benkart v. Commonwealth Trust Co., 269 Pa. 254; Lines v. Lines, 142 Pa. 149; Pringle v. Pringle, 59 Pa. 281. A man may create a trust of his personal property for his own use, valid as to all except creditors: Dickerson's App., 115 Pa. 198. He may dispose of such property knowing the result will be to deprive his widow of her statutory interest therein and the law gives validity to his act: Windolph v. Girard Trust Co., 245 Pa. 349. Moreover, a widow is entitled to share in trust property of which her husband was the beneficial owner, so plaintiff's wife was not harmed by the trust. The only possible injury she could suffer in the matter would be by sustaining defendant's claim to the mortgage as her own, and there is nothing in the record calling for such a result. Plaintiff did no act to prevent him from invoking the aid of equity to compel a reassignment of his mortgage in accordance with the trust agreement.

The decree is reversed, the bill is reinstated and the record is remitted with directions to the court below to enter a final decree ordering a reassignment of the mortgage to appellant as prayed for. The costs here and in the trial court to be paid by the appellee.