## Schuylkill Trust Company, Admin'r, v. Klemr et al.

*Edgar Downey,* for plaintiff.

*A. D. Knittle* and *T. J. McCarthy,* for defendants.

Houck, J., July 23, 1928.—The statement of claim alleges that Joseph Adamchick died testate on or about July 13, 1927; that letters of administration *cum testamento annexo* were duly granted on Feb. 13, 1928, to the plaintiff; that Joseph Adamchick, at the time of his death, was a depositor in said St. Clair State Bank, one of the defendants; that his account in said bank is entered and designated as "George Klemr for Joseph Adamchick;" that on the date of the death of Adamchick there was a balance of $3988.67 in said bank in his account; that the plaintiff has made demand upon George Klemr and the St. Clair State Bank for payment to it of the said sum of $3988.67, and that payment has been refused. The suit is against George Klemr and the St. Clair State Bank to recover the said sum of $3988.67. Affidavits of defense were filed by both George Klemr and the bank. At the argument, counsel for the bank stated that it was merely in the position of a

stakeholder and that the amount deposited with it would be paid by it to the rightful claimant as determined in this proceeding. In the affidavit of defense filed by George Klemr (the affidavit filed by the bank is substantially the same in character), the defendant, Klemr, alleges that the funds here in suit were given by Joseph Adamchick at various times and places to the defendant, George Klemr, for deposit in the St. Clair State Bank under a parol trust for specific purposes, and that the funds were deposited in the said bank in the name of George Klemr impressed with the specific trust. It is admitted that the account is designated "George Klemr for Joseph Adamchick." The alleged parol trust is thus set out in the tenth paragraph of the affidavit of defense: "That if the said George Klemr survived the said Joseph Adamchick, that he, the said George Klemr, should out of said deposits pay the personal debts of Joseph Adamchick, pay his funeral expenses, erect a monument on his grave, have masses said in his church once a month for three years, pay to the son of the decedent ten dollars per month until said son reached the age of sixteen years, and that, if after all these were paid for, the sum remaining was to be retained and owned by said George Klemr as payment for his work in administering the said trust and the many favors shown by George Klemr to Joseph Adamchick during his lifetime, and that on no account should any part be paid to his, decedent's, wife or other children." The defendant further avers that the plaintiff administrator is not entitled to the fund, and that, in pursuance of the parol trust, the defendant has expended from the deposit various sums for various purposes, amounting to the sum of $1145.58, and that he has contracted for a monument for Adamchick at a price of $430, for the payment of which he alleges his liability as trustee. On motion of the plaintiff, a rule was granted upon the defendants to show cause why judgment should not be entered against them for want of sufficient affidavits of defense, and three reasons are assigned in support of the rule, namely, (1) that the affidavits of defense are vague, indefinite and evasive; (2) that the affidavit of defense filed by the St. Clair State Bank does not set forth the terms or extent of the trust alleged in the tenth paragraph of said affidavit; (3) the affidavit of defense filed by George Klemr bases the defense entirely upon an alleged oral testamentary disposition of the fund sued for, which disposition is without legal effect.

We are not convinced that the affidavits of defense are vague, indefinite and evasive. The affidavit of defense filed by the bank alleges that Joseph Adamchick did not maintain an account as a depositor in his own right, and that the amount on deposit at the time of Adamchick's death was a fund which was given by Adamchick to Klemr and was deposited in the name of George Klemr for Joseph Adamchick at the express direction of Joseph Adamchick and George Klemr. The deposit, it is alleged, was in the nature of a trust. The bank could not be expected to know the specific and particular details of the arrangement between Adamchick and Klemr, and the defense made by the bank is sufficiently definite. The details of the parol trust relied upon by both defendants to defeat the plaintiff's claim may be gathered from the affidavit of defense filed by George Klemr. In our opinion, this affidavit of defense sets out the alleged trust in sufficient detail. Consequently, the first two reasons assigned in support of the rule for judgment must fall.

This brings us to a consideration of the real question in the case. The plaintiff contends that the mere fact that the account was carried in the name "George Klemr for Joseph Adamchick" shows that the fund belonged to Joseph Adamchick. We are unable to agree with this contention. The credit on the books of the bank is *prima facie* evidence of ownership: First National

Bank of Lock Haven *v.* Mason, 95 Pa. 113, 117. And a deposit made as agent or trustee for another is *prima facie* the property of the principal or of the *cestui que trust:* Bank of the Northern Liberties *v.* Jones & Cole, 42 Pa. 536; Arnold et al., Post No. 13, G. A. R., *v.* Macungie Savings Bank, 71 Pa. 287; Burger *v.* Burger, 135 Pa. 499. Therefore, the manner in which the account was designated does not conclusively show that the fund was the property of Joseph Adamchick. At most, it is his *prima facie*, and the burden is on the defendants here to overcome that *prima facie* presumption. We are unable to determine, on the rule for judgment for want of a sufficient affidavit of defense, that the fund did in fact belong to Adamchick, the decedent, at the time of his death. The bank alleges in its affidavit of defense that the fund on deposit is due and payable to George Klemr for Joseph Adamchick, and that no right to the fund has vested in the plaintiff administrator. This is tantamount to a denial that the fund on deposit was the property of Adamchick.

The plaintiff further contends that the trust set up by George Klemr is an attempted testamentary disposition of the property of Joseph Adamchick, because it is not to take effect until after Adamchick's death; that were it in writing, it would be a will, but being in parol, it is not a will and has no legal effect whatever. On the other hand, the defendants contend that this is a valid parol trust; that control of the property passed out of Joseph Adamchick; that it is not an attempted testamentary disposition of his property; and that the fund in question belongs to the trustee and not to the administrator.

There is no doubt that trusts of personal property may be created by parol: Murphy *v.* Hubert, 7 Pa. 420; Maffitt's Admin'r *v.* Rynd, 69 Pa. 380; Christian Moerlein Brewing Co. *v.* Rusch, 272 Pa. 181. Does Klemr's affidavit of defense set forth a parol trust? It will be noticed that the trustee was to do the things enjoined upon him if he survived Adamchick. He was to pay the debts of Adamchick, pay his funeral expenses, erect a monument on his grave, have masses said in church, pay to the son of Adamchick $10 per month until the son reached the age of sixteen years, and whatever balance was left after these payments was to become the property of Klemr, and it is specifically stated that no part of the fund should be paid to the decedent's wife or other children. By transferring the account to the name of Klemr, the decedent parted with possession and control of the money: Lines *v.* Lines, 142 Pa. 149. "The securities passed into the hands of the trustee along with the trust deed. The transaction was complete and the donor was absolutely denuded of his property." See, also, Dougherty, Admin'r, *v.* Shillingsburg, 175 Pa. 56, where the court says: "It will be noticed, the possession of the money was complete in Shillingsburg; it was in his physical control just as fully as if he had handed the $3000 to Kelly and the latter had handed it back to him. Kelly relinquished all right to the money, except on the happening of the single contingency, his restoration to health. No change of intention on his part would touch or disturb the dominion of the trustee over the fund, or the right of the beneficiaries to it. There was by the arrangement such transfer of the chattel, even if nothing further had been done, as placed the legal title in the trustee for the benefit of the donees."

That Adamchick might have revoked the trust during his lifetime, or that he might have reserved the income from the fund for himself for life, or that his creation of the trust deprived his widow and children of an interest in the fund, are all immaterial. "A power of revocation is perfectly consistent with the creation of a valid trust. If this right is never exercised according

to the terms in which it is reserved, as in the case at bar, until after the death of the donor, it can have no effect on the validity of the trusts or the right of the trustee to hold the property:" Windolph v. Girard Trust Co., 245 Pa. 349; Dickerson's Appeal, 115 Pa. 198; Benkart v. Commonwealth Trust Co., 269 Pa. 257; Mandel v. Bron, 270 Pa. 566; Dolan's Estate, 279 Pa. 582.

The only remaining question for consideration is whether or not the alleged trust is an attempted testamentary disposition of the decedent's property. The plaintiff, in support of its contention that this is an attempted testamentary disposition, relies upon Turner v. Scott, 51 Pa. 126, Frederick's Appeal, 52 Pa. 338, and Beaumont's Estate, 214 Pa. 445. In our opinion, these cases are readily distinguishable from the case at bar. In the Turner case, the father executed an indenture to his son, in which he provided that the conveyance was in no way to take effect until after his decease. It was held that this was a testamentary instrument, and, therefore, revocable. The decision in Frederick's Appeal was put on the ground that the attempted trust was simply an arrangement to promote the grantor's convenience and interests and was revocable. This case was commented on in Wilson v. Anderson, 186 Pa. 531, 537, as follows: "The case relied on by the appellant as determining that this deed should be construed a will (Frederick's Appeal, 52 Pa. 338) does not by any means hold that a deed of trust reserving to the grantor the income of the trust estate for life, and postponing until his death the enjoyment by the beneficiaries of the principal, is necessarily testamentary without regard to the manifest intent of the grantor." It is also said in Potter v. Fidelity Ins. Trust Co., 199 Pa. 360, 365, that Frederick's Appeal has been frequently distinguished and limited in its application. In Beaumont's Estate, the decedent assigned interest-bearing bonds to a trust company to collect the interest and to apply it to the payment of premiums on a life insurance policy and to apply the proceeds of the policy in a certain manner. It was held that the assignment did not pass a present interest in the bonds. On its facts, that case is readily distinguishable from the present case: Eisenlohr's Estate, 258 Pa. 438, 441.

The mere fact that a writing or a parol trust is to become effective only after the death of a party is not sufficient to give it a testamentary character: Eisenlohr's Estate, supra; Mattocks v. Brown, 103 Pa. 16. Whether or not a testamentary disposition is attempted depends to some extent upon the intent of the settlor: Wilson v. Anderson, supra; Windolph v. Girard Trust Co., supra. In the latter case the Supreme Court said: "The intention of the settlor at the delivery of the deed was to part with the legal title and the reservation to herself of a life interest and the enjoyment of the estate until her death did not invalidate the trust as to the beneficiaries named in the deed." It is manifestly impossible to determine the intention of the settlor in the case at bar merely from the pleadings. Consequently, we are of the opinion that judgment may not be entered for want of a sufficient affidavit of defense. The facts are in no way similar to the facts in White v. Berardina, 75 Pa. Superior Ct. 346. In that case there was neither a trust nor a gift. In the case at bar, we are of the opinion that the defendants are entitled to develop the facts in order that it may be ascertained whether or not the decedent created a valid parol trust. We think the affidavits of defense set up sufficient to prevent the entry of judgment.

The rule for judgment for want of sufficient affidavits of defense is discharged.

From M. M. Burke, Shenandoah, Pa.