## Locke et al. *v.* Provident Trust Co. et al., Appellants.

Argued January 14, 1932.   Before F<small>RAZER</small>, C. J.,
S<small>IMPSON</small>, K<small>EPHART</small>, S<small>CHAFFER</small>, M<small>AXEY</small> and D<small>REW</small>, JJ.

*John S. Sinclair,* of *Williams, Brittain & Sinclair,* for
appellants.—Appellees' evidence is insufficient to estab-

lish the essential elements of a gift inter vivos of the four notes: Zimmerman v. Streeper, 75 Pa. 147; Yeager's Est., 273 Pa. 359; Turner's Est., 244 Pa. 568.

Delivery of the subject-matter by the donor to the donee is an indispensible element of a valid gift inter vivos. The delivery must be as complete as the circumstances permit: Leadenham's Est., 289 Pa. 216; Sherman v. Stoner, 78 Pa. Superior Ct. 189; Lavelle v. Melley, 27 Pa. Superior Ct. 69.

Appellee's claim is barred by lapse of time: Goggins v. Risley, 13 Pa. Superior Ct. 316; Kinter v. Trust Co., 274 Pa. 436; Sullivan v. Sullivan, 74 Pa. Superior Ct. 396; Taylor v. Coggins, 244 Pa. 228; Phila. Trust Co. v. Coal & Iron Co., 139 Pa. 534.

*Charles L. Guerin,* with him *Brown & Williams,* for appellees.—Appellees' evidence established clearly and beyond dispute a complete executed gift inter vivos of the four notes: New York & Pa. Co. v. R. R., 280 Pa. 297; Levy v. Ice Co., 303 Pa. 64; Garland v. Trout, 303 Pa. 545; Powanda v. Pido, 304 Pa. 42.

Even though the testimony would sustain a different conclusion, which we do not admit, it would not be sufficient to set aside the findings of the chancellor: Eppsteiner v. Isman, 239 Pa. 393, 394; Cruzan v. Cruzan, 243 Pa. 165, 166; Mt. Oliver Boro. v. Goldbach, 244 Pa. 56; Piacenteno v. Young, 272 Pa. 556, 560; Hardinge v. Kuntz, 278 Pa. 232, 240, 241; Kulp v. March, 181 Pa. 627; Leitch v. Bank, 234 Pa. 557.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 14, 1932:

Plaintiffs, executors of the estate of Jeanne Louise English (Mrs. Abraham L. English), by their bill seek to compel defendants, executors and trustees of the estate of Abraham L. English, deceased, to transfer to them a judgment in the sum of $9,997.21.

Abraham L. English died June 17, 1913; his wife, Jeanne Louise English, died January 14, 1923. In 1926, the executors and trustees under the will of Abraham L. English entered the judgment in question on four notes dated, respectively, November 22, 1910, for $1,215; March 31, 1911, $2,450; June 5, 1911, $1,250; and July 20, 1911, $247, made by W. Elwood Locke, Mrs. English's brother, the first three in favor of Abraham L. English, the last to John G. Kaufman, payee, who endorsed it to English.

Plaintiffs claim these notes were given Mrs. English by her husband; and base their claim on testimony by John G. Kaufman, attorney for English during his lifetime, who testified as to the circumstances under which the three latest notes were given, that English came to him, saying his wife had asked that he "straighten out a number of things" for her brother, W. Elwood Locke, and wished the attorney to take entire charge of the matter for him, adding that he did not wish his wife to appear to have anything to do with the settlement, though he was "doing this entirely for" her. Kaufman testified the three judgment notes were taken at his suggestion to cover payments made on behalf of Locke; that the notes for $2,450 and $1,250 each, and one release, were turned over to English at about the time they were secured; and when he, Kaufman, finally had the entire business cleaned up and the final releases and note in hand, he so advised English, who came to his office with Mrs. English. There, Kaufman gave the final note, for $247, and the two remaining releases from Locke's creditors, to English, who took them and handed them to his wife with the remark, "Now you have all." She put the papers in her handbag and took them with her. Nothing appears on the record as to the circumstances under which the first note from Locke to Abraham L. English was given.

After A. L. English's death, all four notes, with the releases, were found in his safe deposit box, where Mrs.

English also had at least one other important paper for safekeeping (the will of her mother). No action was taken to enter judgment on the obligations during the lifetime of either Mr. or Mrs. English. After the former's death, the notes were not included in the inventory of his estate, though other similar obligations, both those with and without value, were so listed, nor were they included in the adjudication of the estate in the orphans' court. Moreover, there is no evidence that the fact of these notes being held by the executors of Abraham L. English's estate was ever brought to Mrs. English's attention in any way, and judgment was not entered on them until after her death.

The chancellor states in his adjudication: "The defendants presented no testimony to controvert the testimony of Mr. Kaufman, and we are of opinion that it was the intention of Abraham L. English to vest his donee, Mrs. English, with an irrevocable right and ownership in the judgment notes." We need hardly repeat that a chancellor's findings, supported by evidence or reasonable inferences therefrom, in the absence of manifest error, will not be disturbed: Fuerstein v. New Century Realty Co., 304 Pa. 271, 273, and cases there cited. In the case before us, the testimony sustains his conclusion. The essential indications of a gift inter vivos are present—an intention to make the gift then and there, and an actual and constructive delivery at the same time (Yeager's Est., 273 Pa. 359, 362); an actual delivery so far as concerns the final note and release and a release covering one of the earlier notes, and a constructive delivery as regards the previous notes. As said in Yeager's Est., supra: "The quality and quantity of proof required to meet this obligation varies greatly, depending upon the circumstances of the particular case ...... If the gift is from husband to wife (Crosetti's Est., 211 Pa. 490), the action of the donor is viewed as but natural, and less evidence is required to establish the intention." The record here discloses testimony not

merely of an intention to give, but of the donor's statement that he had given "all," and we are in accord with the court below in its opinion that, when the donor handed his wife the last of the papers evidencing that her brother's indebtedness had been paid by her husband, with the statement, "Now you have all," he made her a gift of these final papers and indicated that he had done likewise with those which he had received in the same matter at an earlier time. See Leitch v. Diamond Nat. Bank of Pittsburgh, 234 Pa. 557, 564-7, a case quite similar to this one.

The fact that the notes and releases were in English's safe deposit box is not material here. There is evidence of use of the box by Mrs. English; moreover, we have held that, "If a valid gift was made, it is of no importance, as between husband and wife, that the former subsequently became the custodian. In such case he holds as trustee without the right to divest his wife's ownership": Kulp v. March, 181 Pa. 627, 635.

The decree of the court below is affirmed at cost of appellants.