## Silverstein, Appellant, *v.* Boyle.

Argued February 2, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*H. B. Friedman,* of *Aubrey, Friedman & Senger,* for appellant.

*L. H. Rupp,* of *Butz, Rupp & Welty,* for appellee.

PER CURIAM, March 14, 1932:

In his brief, plaintiff states that his bill is primarily and essentially one for an accounting between him and defendant under the allegation that they as partners owned certain real estate. The learned chancellor, who, specially presiding, heard and determined the case, reached the conclusion that there was no partnership so far as ownership of the lands is concerned, that they belonged to defendant individually, that the partnership which existed between plaintiff and defendant was limited to the developing and selling of the lands which defendant owned.

No purpose would usefully be served by a review of the many facts necessary to be taken into account in determining the controversy, as to which the chancellor made sixty-seven separate findings. The case is peculiarly one in which the findings of the trial judge, supported as they are by competent evidence, should be controlling with us. Our examination of the record leads us to the conclusion that he rightly found the facts and we are in accord with any inferences which he may have drawn from them or from circumstances brought to his attention. A chancellor's findings of fact

546

when supported by evidence or reasonable inferences therefrom, when approved by the court in banc, have the effect of a verdict of a jury: Feuerstein v. New Century Realty Co., 304 Pa. 271; Belmont Laboratories, Inc., v. Heist, 300 Pa. 542.

The decree is affirmed at appellant's cost.