## Kahle's Estate.

Argued March 23, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

W. T. *Tredway*, for appellant.

J. *Thomas Hoffman*, for appellee.

PER CURIAM, April 11, 1932:

Clarence Courtney Kahle was killed in action in the World War on November 2, 1918, leaving to survive him his wife, and his mother, father and sister, the latter the appellant here. He died intestate, leaving no children. The entire estate consisted of a war risk insurance policy of $7,000, payable to his father and mother in monthly installments during their lifetime. The father died March 16, 1921, and the mother September 3, 1930. At the time of the latter's death, $2,977.92 remained for distribution, which was claimed at the audit by both decedent's widow, Harriet Hespenheide Kahle, and his sister Anna Kahle. The sister claimed the fund on the grounds that Harriet Hespenheide Kahle had deserted her husband and was not, because of such desertion, entitled to receive any portion of the balance remaining at the mother's death. The fund was awarded to the widow, she not having received any part of the $5,000 allowed a widow under the intestate laws of this State. Anna Kahle appeals.

Decedent and Harriet Hespenheide Kahle were married July 1, 1916. At the wedding Kahle borrowed money from the bride's family and on the wedding trip borrowed an additional sum from his wife. Upon their return from their wedding trip, they took up their residence with Mrs. Kahle's father at his summer home in Point Chautauqua, New York. The husband soon afterward left for Pittsburgh, returning however to Point Chautauqua for occasional visits until early in Septem-

ber following his marriage, when his visits ceased; he made no effort either to secure a home or provide for his wife, and ignored her requests that she return to Pittsburgh with him. At the end of the summer season, Mrs. Kahle accompanied her married sister to St. Louis, where she resided for two years. On the one occasion when her husband visited that city, he did not call upon his wife, but telephoned to and met his brother-in-law, to whom he unsuccessfully applied for a loan of money. The chancellor found that Clarence C. Kahle "never offered to provide a home for [his wife] nor did he supply to her any of the necessities of life. She did not desert him, but he deserted her and failed utterly to do for his wife what a married man ought to do." When supported by evidence or reasonable inferences therefrom, a chancellor's findings of fact have the effect of a verdict of a jury (Fuerstein v. New Century Realty Co. et al., 304 Pa. 271, 273) and will not be reversed, especially if the decision depends upon the testimony of witnesses whom the trial judge saw and heard: Garland v. Trout, 303 Pa. 545, 548. In the present case, where the evidence is entirely parol, and contradictory, the chancellor was in a better position than we are to judge of the credibility of the respective witnesses, and as the record discloses testimony which amply supports the chancellor's findings, they will under our decisions be sustained by this court.

The decree is affirmed at costs of appellant.