## Boyd's Estate.

Argued April 11, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*R. O. Brockway,* for appellant.

*J. Q. Creveling,* for appellee.

OPINION BY MR. JUSTICE KEPHART, May 9, 1932:

This proceeding in partition has dragged along for four years. It was instituted on the 28th of May, 1926, and a final decree was entered June 15, 1928. After the purparts had been thus awarded and bonds filed for part of them, with all proceedings apparently regular, the decree and all proceedings were set aside on appellee's petition because of alleged errors in the proceeding. The court's action was based on a mistake in the decree in

awarding ⅝ths of purpart No. 4 instead of ⅛th. This was at best a mere clerical error which could have been corrected; the only property before the court for partition in purpart No. 4 was an undivided ⅛th of the Estate of Aaron Boyd; the fifth paragraph of the amended petition described it, also setting forth that the ownership of ⅝ths of the tract belonged to the children through another conveyance. This error did appellee no harm.

The next reason assigned was that purpart No. 3, 20 acres in Slocum Township, was not included in the decree. Purparts Nos. 1, 2, and 4 were included as they had been completed by the acceptors filing a bond or giving surety. The heir that accepted purpart No. 3 did not file a bond, consequently no final confirmation could be made of that property; but there was no reason why the other purparts should not be settled by final decree, and it was not error to omit that purpart from the final decree, and later confirm it by separate decree when a bond was filed.

The true reason for setting aside the proceedings was that appellee claimed a part of purpart No. 1 by adverse possession, "that he discovered this fact only after the filing of the decree and comparing a map with the dimensions on the ground." The petitioner waited until years after the institution of these proceedings to make known his claim, and it was only in his petition to strike off the final decree that it became known. He was bound to act promptly and set forth his adverse claim that his right thereto might have been adjudicated in this proceeding, he being a party thereto as an heir.

As the court below entertained the petition in the nature of a bill of review, we are not disposed to disturb that action, but the extent of the order was not justified by all that has taken place in this proceeding. Substantial justice would have been done by striking off the final decree and holding the proceedings until the appellee's title was determined in an action at law for the portion

of the land he now claims. We need not discuss the subject further.

For the present purpose, we will reverse the order of the court below and direct that the final decree be stricken off; that it be held by the court below pending the determination of the title to the land now claimed by the appellee, being part of purpart No. 1. The court below will enter an order that ejectment proceedings be instituted for the tract of land in dispute wherein the appellee shall be plaintiff, and petitioners, defendants; and when that action shall be speedily disposed of will make such further order in the partition proceeding as the result of that litigation shall determine. If appellee within a reasonable time does not institute such proceedings, then the decree awarding the purparts shall be confirmed absolutely.

Decree reversed at appellee's cost.