## Orth, Appellant, v. Doench et al.

Argued October 5, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Ella Graubart,* with her *Charles F. C. Arensberg,* for
appellant.

*Walter P. Smart,* with him *Albert Barnes Smith,* for
appellee.

PER CURIAM, November 28, 1932:

Plaintiff, Edward S. Orth, filed this bill, individually
and as administrator of the estate of his deceased wife,
against her brother, William G. Doench, and other par-
ties who are only involved secondarily. Mrs. Orth died
June 14, 1931, intestate. During a period extending
over a year and a half before her death she gave to her
brother the larger part of the property, personal and

real, which belonged to her individually, and arranged to have her bank account entered as a joint account of her brother and herself, so that, upon her death, the balance automatically became his alone. Plaintiff seeks to have these gifts declared of no effect, alleging that a confidential relationship existed between the brother and sister, that the gifts were made in contemplation of death and were testamentary in character, and that they constituted a fraud upon the marital rights of the husband. It is also averred that the gifts were made under the domination of the brother, when Mrs. Orth was incapable, because of the ravages of disease and opiates administered, of understanding her acts.

The chancellor found against all these averments, and the court in banc, on hearing exceptions, approved his findings, which accordingly have the effect of the verdict of a jury: Kahle's Est., 307 Pa. 212, 214; Sheets et al. v. Armstrong, 307 Pa. 385, 389; Skiba v. Klaybor, 307 Pa. 421, 423. No sufficient evidence appears to support the contention of a confidential relationship, in a legal sense, existing between brother and sister, or of undue influence to procure the gifts. The question of the right of a husband or wife to dispose of property belonging to him or her individually, even in anticipation of death or to prevent its falling into the hands of the other thereafter, has been recently discussed and determined in Windolph v. Girard Trust Co., 245 Pa. 349, 363-6, and Beirne v. Continental-Equitable Title & Trust Co., 307 Pa. 570, 577-8; and the decision of the court below, upon the testimony presented, is in conformity with these cases. The record before us is ample to support all the findings, and we see no reason to reverse the conclusion reached.

The decree is affirmed at cost of appellant.