## Kovacevich's Estate.

Argued October 12, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Clarence B. Nixon,* of *Campbell, Wick, Houck, Thomas & Nixon,* for appellant.

*Max J. Spann,* for appellee.

PER CURIAM, November 28, 1932:

Appellant, by petition presented to the Orphans' Court of Allegheny County, alleged he was the common-law husband of Mary Wastchak, who died intestate, February 3, 1931, and asked to have set apart for his use, under the provisions of the Act of 1917, P. L. 429, section 2(a), the sum of $5,000, from the real and personal property comprising her estate. The court below, after consideration of all the testimony, found there had been no marriage at common law, and dismissed the petition. This finding was approved by the court in banc, and the case is now before us on Kovacevich's appeal from the decree dismissing exceptions to the findings.

Petitioner introduced evidence of an unconvincing character of an informal marriage on July 8, 1928, at the home of decedent. Two witnesses to the alleged ceremony testified petitioner and decedent, using words of the present tense, acknowledged they were husband and wife. There was also evidence to the effect petitioner lived with decedent for a time in Detroit, Michigan, and that they were known there as husband and wife. This testimony, standing alone, might be sufficient, if believed, to establish the marriage at common law: Seifert's Est., 302 Pa. 447. It was, however, not corroborated by other facts in decedent's life.

A large number of decedent's letters to claimant were put in evidence, in which not even a single reference to a marriage was made. Before and after the date of the alleged marriage, with the exception of the few months she was in Detroit, decedent lived at the home of her father in the City of Pittsburgh and worked as a sales-

woman in a shoe store. Petitioner lived in the same household, having gone there as a roomer. The other members of the family, which included the father, a married sister and two brothers, all testified that at no time had either appellant or deceased asserted their marriage. While petitioner lived in the Wastchak home, decedent occupied, with her sister, an attic room, separate from appellant's on the second floor in the house. The record is entirely barren of evidence that the couple were generally known as husband and wife in Pittsburgh or that appellant had introduced her as such, except the testimony of one man who said appellant introduced to him a woman "in down town on Fifth Avenue" as his wife. This witness, however, admitted on cross-examination he was unacquainted with Mary Wastchak and had not seen her before or since that one occasion.

We will not reverse the findings of the lower court without evidence of a more convincing character than is present in this case. The appearance of the witnesses and their manner of testifying affords the hearing judge a better opportunity to determine their credibility than we are given. His findings when supported by evidence, and we think they are unquestionably sustained here, have the effect of a jury's verdict and will not be disturbed on appeal in the absence of manifest error: Locke v. Provident Trust Co., 306 Pa. 478, 482; Fuerstein v. New Century Realty Co., 304 Pa. 271, 273.

The decree of the court below is affirmed at appellant's cost.