## Krystkiewicz's Estate.

Argued January 10, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*F. Gilman Spencer,* with him *Byron Hancock* and *Joseph E. Gold,* for appellant.

*Raymond J. Sicer* and *Erich O. Angermann,* for appellee, were not heard.

PER CURIAM, February 1, 1933:

This is an appeal from a decree of the Orphans' Court of Philadelphia County sustaining the claim of John Krystkiewicz as surviving husband of Viktoria Dejewski (also known as Victoria Deeszka) and as such entitled to $5,000 out of her real and personal estate. The chancellor who heard the case found as a fact from the evidence presented that claimant and deceased entered into a common law marriage per verba de præsenti followed by cohabitation as husband and wife. He also found the marriage was supported by reputation in the community in which they resided and also among their relatives, neighbors and friends. These findings were approved by the court in banc and for that reason are conclusive upon us here in the absence of manifest error: Locke v. Provident Trust Co., 306 Pa. 478, 482; Fuerstein v. New Century Realty Co., 304 Pa. 271, 273.

It is unnecessary to review the testimony as the evidence fully supports the chancellor's findings. The rule is well established that we will not disturb such findings when approved by the court in banc, even though we might have reached a different conclusion if the question had been for us to decide in the first instance: Comly's Est., 185 Pa. 208; Stevenson's Est., 272 Pa. 291. The chancellor, who saw and heard the witnesses, is far better qualified to determine their credibility than the judges on appeal: Hall & Co. v. Lyon, Singer & Co., 286 Pa. 119, 122.

Appellant asserts the lower court erred in allowing the claim to be proved by a preponderance of evidence, and argues that clear, consistent, and convincing testimony is necessary to support "the heavy burden of proof" placed upon claimant in cases involving common law marriages. We agree that claims of this sort will only be upheld upon evidence sufficient to satisfy the mind of the chancellor that there was an actual agreement to form the lawful relation of husband and wife (Bicking's App., 2 Brewster 202), but it was never suggested or intended that the evidence presented in support of the claim must be uncontroverted. See Strauss's Est., 168 Pa. 561.

"Marriage is a civil contract and does not require a particular form of solemnization by church or state officials to make it valid; but, as a contract, it must be evidenced by words in the present tense uttered with a view to establish the relations of husband and wife and should be proved by the signature of the parties if in writing or by witnesses who were present when the contract was made: Com. v. Stump, 53 Pa. 132. But if such evidence is not available, the marriage may be established by proof of reputation and cohabitation, declarations and conduct of the parties and such other circumstances as usually accompany the marriage relation:" Craig's Est., 273 Pa. 530, 533.

The decree of the court below is affirmed at appellant's cost.