Hillegass, Trustee, *v.* F. V. Warren & Company (et al., Appellant).

Argued December 8, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas E. Waters,* with him *J. Frederick Martin,* for appellant.

*Jacob S. Richman,* with him *William J. Moran, Jr.,* and *Philip Richman,* for appellee.

PER CURIAM, January 2, 1934:

Mehl & Latta, a corporation engaged in the retail lumber and building supplies business, appeals from a decree of the Court of Common Pleas No. 1 of Philadelphia County, declaring an assignment, made to it by W. Palmer Young less than four months before his adjudication as a bankrupt, to be a preference and setting it aside as void under the provisions of section 60 of the Bankruptcy Act. Plaintiff is a trustee of the estate of the bankrupt, Young, who was a contractor and builder in Bryn Mawr, Montgomery County. The assignment in question, made November 23, 1931, was of moneys due Young from F. V. Warren & Co., and was made to secure a debt of the former past due to Mehl & Latta. The lower court found as a fact that the assignment had the effect of enabling Mehl & Latta to obtain a greater percentage of its debt than other creditors would receive and that Nicholson, the duly authorized agent who obtained the assignment for Mehl & Latta, had reasonable cause to believe that the enforcement of the assignment would result in a preference to the assignee.

The chancellor's findings of fact, when confirmed by the court in banc, have the effect of a jury's verdict, and will not be disturbed on appeal if the record discloses sufficient evidence or reasonable inferences therefrom, to sustain them: Belmont Laboratories v. Heist, 300 Pa. 542; Locke v. Provident Trust Co., 306 Pa. 478. We must accordingly turn to the record to ascertain the basis of the chancellor's findings. The testimony discloses that in the fall of 1931, Young became delinquent in his accounts with Mehl & Latta for building supplies and was frequently pressed for payment by Nicholson, an officer of the latter corporation. At this time Young was engaged as a subcontractor in the construction of a school building in Wayne, Montgomery County. To satisfy Mehl & Latta as to the soundness of his financial position, Young invited Nicholson to attend a meeting of representatives of the general contractor for that build-

ing, to get "first-hand information" on the construction project. At this meeting Young was informed by the general contractors, in the hearing of Nicholson, that he would receive no more money on his contract, until his bills for materials were paid.

Two weeks later at Nicholson's request Young made an assignment of his largest account, amounting to $5,280 to Mehl & Latta. The transaction was executed in the office of an attorney who at the time advised both parties the assignment would be voidable unless made four months preceding bankruptcy. These facts alone indicate appellant had reasonable cause to believe a preference would be effected, inasmuch as the information obtained by Nicholson was sufficient to put Mehl & Latta on inquiry as to Young's solvency: Fischer v. Liberty Bank, 53 Fed. (2d) 856. Nicholson also was informed that in case of Young's insolvency, the assignment would be a preference and invalid. This testimony amply justifies the findings of the chancellor and renders further discussion of the matter unnecessary. See Schuette v. Swank, 265 Pa. 576, and cases there cited.

The decree of the court below is affirmed at appellant's cost.