## Boyd's Estate.

Argued April 9, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*R. O. Brockway,* with him *G. J. Clark,* for appellants.

*J. Q. Creveling,* for appellee.

OPINION BY MR. JUSTICE DREW, May 21, 1934:

This case was before us on May 9, 1932, when we said, "This proceeding in partition has dragged along for four years": Boyd's Est., 308 Pa. 243. It has been continued to the present time, another two years, without anything to warrant the waste of time and money resulting. We believe it will be effectively disposed of by this opinion.

The questions involved in this appeal arose on the audit of the amount bid for purparts in the division of

the real estate of Aaron Boyd, deceased. The court, on the audit, charged the shares of Ira Boyd and John Boyd, two of the heirs, for use of portions of the premises for seven years from January 1, 1925, $1,400 each. The amounts of these charges gave rise to this appeal. All other matters were agreed to.

The most valuable property owned by decedent at his death was Lily Lake and the land surrounding it, a summer resort in Luzerne County. This property was bid in by three of the heirs, the present appellants. John Boyd, one of the appellants, and Ira Boyd, the remaining heir interested in the property, had each occupied a part of it for a number of years. Ira Boyd died in 1931, and his heirs were substituted as parties. The parties stipulated at the audit that the court should, under the evidence which had been submitted, fix the amount to be charged against these two heirs, Ira and John Boyd, for occupancy of the property during the period mentioned, and that distribution should be made in accordance therewith. The court having charged each of them $1,400, the appellants now say that the charge against Ira Boyd was too small, and that John Boyd should not have been charged for seven years but that his occupancy should have been considered terminated at the end of three years, because the land was awarded to the appellants, including John, in 1928. This argument in favor of John Boyd entirely ignores the fact that that decree was set aside and the proceedings opened by the court below on May 9, 1929, and that more than three years elapsed from that time until the final decree in partition, August 12, 1932. Furthermore, the stipulation of the parties in this proceeding fixed the period for the court to make the charge against Ira Boyd at seven years, beginning January 1, 1925, and against John Boyd "during the same period." Appellants certainly have no right to complain of that which was done by the court below in carrying out the express terms of their own agreement.

In disposing of the exceptions taken to its charge against Ira Boyd, the court below said: "The sum fixed as rental by the audit was the sum agreed to by all the parties interested when the agreement was made, and the matter adjusted amicably up to and prior to January 1, 1925. If the parties themselves agreed to this rental of $200 per year, knowing the property and having full knowledge of the value of the land each occupied, it would be only a fair value for the court to fix, which we did at the audit." And, as to the claim of appellants that $4,000 a year should be charged against Ira Boyd, the court said: "From all the evidence taken at the time of the audit, we can find no evidence which would warrant such a charge." An examination of the record has led us to the same conclusion.

For many years prior to the institution of this partition proceeding, ever since the death of his father in 1904, Ira Boyd had been occupying a house, running a refreshment stand, and renting boats on the Lily Lake property. Certain parts of the land were leased to summer residents, and he collected the rents, accounted for them, and acted as caretaker for the premises. For the period up to 1925 he settled with his brothers, and by their agreement he was charged $200 a year for his occupancy. There were no circumstances to show that from 1925 his occupancy was more valuable than it had been prior thereto. In addition, there was direct testimony that the value of his occupancy was $200 a year.

The appellants claim that Ira Boyd should have been charged with $200 a year up to June 1, 1929, and after that date $4,000 per year, to June 1, 1932, when his heirs vacated the premises; that the rent was fixed at $4,000 per year by the act of the parties, and that the court was without power to change it for that period. The answer to this is that there was no such agreement fixing the rental. Ira Boyd never agreed to pay any such sum for his occupancy. He did receive notice from his brothers that they would so charge him, but he did not agree to it,

nor did he hold possession with their consent. He was in possession as an heir, maintaining his right to secure a legal partition, which had not been completed. In addition, the amount claimed is so palpably exorbitant that the claim is unworthy of serious consideration. It is just twenty times what the parties themselves fixed as a fair rental, the sum which they received without complaint for many years. Nothing had occurred to increase the value beyond that, and that fact, and the weight of the evidence, justified the court in reaching the decision it did. When supported by evidence or reasonable inferences therefrom, the findings of fact of an auditing judge have the effect of a verdict of a jury, and will not be reversed, especially if the decision depends upon the testimony of witnesses whom the trial judge saw and heard: Kahle's Est., 307 Pa. 212.

Decree affirmed, at the cost of appellants.