Chabrow's Estate

482

*R. M. Remick,* of *Saul, Ewing, Remick & Saul,* for exceptant.
*Francis T. Anderson* and *William A. Gray,* contra.

KLEIN, J., March 26, 1935.—Exceptions were taken to the refusal of the auditing judge to surcharge the accountant for negligence in managing the mortgage investments which constituted the principal assets of the estate. No testimony was produced to show that the mortgages, which were all first liens on improved real estate situated in Philadelphia County, were not amply secured upon the date of their creation, or that the trustee did not act in good faith at the time the investment was made. The objection is to the subsequent management of the investment by the trustee.

The facts are sufficiently set forth in the adjudication by the auditing judge.

The exceptant complains of the failure of the accountant to foreclose certain mortgages promptly upon default. The court cannot agree that failure of a trustee to foreclose promptly is conclusive of negligence.

Foreclosure is not a cure-all for mortgage ills. In times of great economic stress, such as we have been experiencing during recent years, the interests of all parties concerned are often best served by intelligent coöperation between the owner of the real estate and the mortgagee. In many cases, hasty foreclosures have resulted in vacant properties, leading to deterioration of the real estate, damage by vandals, and great loss to the mortgage investment.

No general rule can be laid down to cover these situations. It is difficult to apply any yardstick to the varying problems which arise in the management of mortgage investments. Common sense must be the guiding star and every case must be determined upon the basis of the particular facts involved. And it would be manifestly unfair to examine the actions of 5 or 10 years ago through lenses ground from today's experience.

The exceptants make much of the fact that one of the assets involved in this proceeding is a mortgage of $7,000 on 2829 Frankford Avenue, which was jointly owned by the trustee and three members of his family at the time the mortgage matured in 1925. They contend that his failure to foreclose indicates that he was considering more his interest as an individual than that of the estate in his custody. With this conclusion, we cannot agree.

The testimony discloses that in 1923, the settlor, Penn Chabrow, purchased this property at a price of $18,500 and presented it as a gift to his daughter, Yetta Chabrow. The trustee granted her a first mortgage in the amount of $7,000, the Magna Building and Loan Association took a second mortgage of $6,000, and the balance of the purchase price was paid by Penn Chabrow.

As a result of the reduced income from the property, Yetta Chabrow was about to abandon it. In order to avoid foreclosure and to protect the estate, the property was conveyed to Chabrow Brothers, a partnership consisting of the settlor and his three sons, one of whom was Frank Chabrow, the accountant in this case. At all times, all of the income from the building was used to maintain the real estate and to support the beneficiaries of the trust. In addition, the partners personally contributed to the upkeep of the property. They continued to carry it in this manner as long as they were in a financial position to do so.

Certainly, it would be improper for this court to surcharge the trustee when he voluntarily assumed a burden to protect the estate. There can be no question of his good faith. He endeavored to the best of his ability to safeguard the interests of the children of his deceased brother.

In this very estate, the trustee foreclosed a mortgage on 5147 Columbia Avenue promptly upon default. The owner thereupon vacated the property

and the trustee took possession. The property was put in good repair and efforts were made to rent it. The trustee acted with respect to this particular mortgage exactly as the exceptants insist he should have with respect to the others. Yet the net result today fails to show that the estate is better off in this instance.

The estate from its very inception was part of a general family arrangement to care for the widow and children of Abraham N. Chabrow. The trust estate was created by Penn Chabrow, the father of Abraham N. Chabrow. The trustee is the son of the settlor and uncle of the minor beneficiaries, and the mortgage about which most complaint has been made by the exceptants is upon a property which was purchased for and presented to Yetta Chabrow by the settlor. In addition, David P. Chabrow, brother of the accountant, was guardian of the minor beneficiaries and the brothers together paid the widow for the support of the children over $1,000 in excess of the net income from the two estates. In general, the testimony discloses that the accountant pursued zealously the interests of the estate. At times, as the auditing judge has so well stated, the accountant's heart, rather than his mind, guided his actions. At all times, however, the interests of the beneficiaries were predominant.

In Detre's Estate, 273 Pa. 341 (1922), the court at page 350, enunciated the accepted doctrine that all that is required of a trustee "is common skill, common prudence and common caution, and he is not liable when he acts in good faith as others do with their own property". To the same effect are Dempster's Estate, 308 Pa. 153 (1932) ; Kline's Estate, 280 Pa. 41 (1924) ; Wood's Estate, 272 Pa. 8 (1922).

As to the findings and conclusions of the auditing judge upon the accountant's failure to pay taxes, and the other matters upon which exceptions have been taken, the reasons set forth in the adjudication are adequate. Nothing we could say on these matters would add to what has been so well said there.

In Goldman's Estate, 19 D. & C. 65, 69 (1933), this court in an opinion by Judge Van Dusen held: "The auditing judge has properly found that the trustee was not negligent in managing the mortgage investment of which complaint is made. Negligence in such case is a mixed question of law and fact, and we would be loath to upset the conclusion of the auditing judge with regard thereto. When an investment gets into difficulties the law does not demand the impossible, but due attention and the proper exercise of judgment. When the interest is in arrears or the taxes unpaid, the trustee is not obliged to foreclose at once under penalty of surcharge. It may be the best policy to nurse the investment and to secure the interest and coöperation of the owner and perhaps some of his money to pull it through. It would be a mistake to hamper the trustee with a rigid rule, when business judgment deems the other the proper course. We see examples of this all around us in these times."

The law is well settled that the findings of fact of an auditing judge, when supported by evidence or reasonable inferences thereupon, have the effect of a verdict of a jury, and will not be reversed, espcially if the decision depends upon the testimony of witnesses whom the trial judge saw and heard: Boyd's Estate, 315 Pa. 283 (1934) ; Kahle's Estate, 307 Pa. 212 (1932) ; Kovacevich's Estate, 309 Pa. 268 (1932).

The evidence amply supports the findings and conclusions of the auditing judge that the trustee has acted in good faith and has not been guilty of such conduct as would justify the surcharge which is being sought.

The exceptions are dismissed and the adjudication confirmed absolutely.