## Jacobs' Estate

Before Lamorelle, P. J., and Henderson, Van Dusen, Stearne, Sinkler and Klein, JJ.

488

*William A. Gray*, for exceptants.

*John Wintersteen*, of *Wintersteen, McCoy & Wintersteen*, contra.

KLEIN, J., November 8, 1935.—A careful review of the record in this case fails to disclose any error in the refusal of the auditing judge to surcharge the trustee.

The exceptions with respect to the bonds of the Michigan Office & Theatre Company were withdrawn by counsel for the exceptants at the argument before the court en banc.

The exceptions with regard to the refusal of the auditing judge to surcharge the trustee for delinquent city taxes and penalties on premises 1929 Chestnut Street, paid after the trustee sued out the ground rent on the property, are without merit. In our opinion, the auditing judge has properly disposed of this question and we concur with his reasons therefor.

The question whether the trustee should be surcharged with respect to any other investments covered by the adjudication depends primarily upon the weight to be accorded conflicting testimony. Witnesses were called by both the trustee and the exceptants, and many documents were offered in evidence.

It is well established that, in the absence of manifest error, the findings of the auditing judge on sufficient evidence have the effect of a jury's verdict and will not be disturbed. This is especially true if the decision depends upon the testimony of witnesses who appeared personally before the judge: Boyd's Estate, 315 Pa. 283 (1934); Kahle's Estate, 307 Pa. 212 (1932); Kovacevich's Estate, 309 Pa. 268 (1932).

The auditing judge, who had the advantage of observing the conduct of the witnesses on the stand, made an exhaustive study of the evidence in the case. He characterized the testimony of the settlor, who was the principal witness in his own behalf, as evasive and lacking in frankness. He characterized the testimony of the prin-

cipal witness for the accountant as direct and frank. He concluded that the objections to the investments were not well founded, and his conclusion is amply supported by the evidence.

Counsel for the settlor, in the briefs filed with the court and in his oral argument, objected to the auditing judge's findings with respect to the partial mortgage investments on the ground that they were based upon letters which were not offered in evidence by the accountant. Since this contention is not the subject of specific exception, it is not properly before us and we need not consider it in this opinion: Crosetti's Estate, 13 Dist. R. 431 (1904); D'Allesandro's Estate, 16 D. & C. 113 (1931).

And in any event, even if the letters which were not offered in evidence are disregarded entirely, we find ample evidence to support the judge's findings.

The exceptions are therefore all dismissed and the adjudication confirmed absolutely.