## O'Keefe's Estate

*William N. J. McGinniss*, for exceptant.
*Maurice Rose*, contra.

BOK, J., February 28, 1936.—This is a claim for services as housekeeper rendered to the decedent for four years preceding his death.

The auditing judge allowed the claim for two years, 104 weeks, at $12 per week, or $1,248. Of this amount he allowed half, or unpaid wages for one year, as a preferred claim under section 13(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, and the balance as a general claim. Exceptant apparently does not object to such preference if the claim is to be allowed at all. He could not very well do so, as the act clearly authorizes it.

This claim is based on an express weekly contract of employment. None of the evidence presented by the claimant is denied or contradicted. The sole objection to the claim is that there is insufficient evidence to support it.

The testimony of Anna V. Roberts clearly establishes the contract, the date of its inception, its continuance until decedent's death, and the rate of compensation under it.

The testimony of both witnesses called by the claimant clearly establishes, by decedent's admission, that he owed her wages and could not pay her for some time prior to his death. His last admission to this effect was about four months prior to his death. The exact extent of the unpaid period presents the only uncertain element in the case. The witness William E. Roberts testified, however, that in the summer of 1932 the decedent admitted that he had been unable to pay the claimant "for the last year or so". In August or September 1933, he admitted that he was "still not able" to pay her. Decedent died in January 1934.

The other witness testified that about two years before he died decedent "stated he was sorry he couldn't meet the obligations he had promised to pay" the claimant.

In view of the above testimony, we cannot say that the finding of the auditing judge was unsupported by evidence or reasonable inferences therefrom. Such finding has, therefore, the effect of a jury's verdict and will not be reversed save for manifest error; none appears here: Kahle's Estate, 307 Pa. 212; Kovacevich's Estate, 309 Pa. 268; Boyd's Estate, 315 Pa. 283. It is of course true that in such cases as this there is a presumption of payment which increases in strength with the passage of time: Gilbraith's Estate, 270 Pa. 288; Johnson's Estate, 108 Pa. Superior Ct. 526. This presumption prevails until overcome by direct proof of nonpayment or the proof of facts and circumstances from which nonpayment may be clearly inferred: Richards v. Walp, 221 Pa. 412.

We have here the uncontradicted testimony of two witnesses that the decedent admitted that he had not paid the claimant. It may, as counsel suggests, tax one's gullibility to believe that a housekeeper would be willing to remain so long uncompensated. The auditing judge saw the witnesses and the claimant and was in the best position to form an opinion about that. We feel that the evidence adduced was sufficient to meet and overcome the normal presumption of payment.

The exceptions are dismissed and the adjudication is confirmed absolutely.