## Mitchell's Estate

*Ernest Scott,* for exceptants.
*Horace F. McConnell,* contra.

LADNER, J., March 3, 1939.—By his will Joseph B. Mitchell gave the residue of his estate to the Provident Trust Company and his wife, in trust, inter alia, "to pay the entire net income . . . unto my wife . . . so long as she may remain my widow, and if at any time . . . said balance of said net income should not amount to the yearly sum of $4000 my trustees shall pay unto my wife . . . in addition to said balance of said net income in any year in which said balance of net income should be less than $4000 such sum or sums out of the capital or principal of my said trust as may from time to time be sufficient when added to said balance of said net income to enable my wife to receive the full yearly sum of $4000 while she may remain my widow as aforesaid."

The widow, fearing that if she drew $4,000 every year the residue of the estate would be exhausted before her death, arranged with the trust officer of her cotrustee to

send her $100 monthly with "the understanding she would be entitled to receive any extra payments she might need or want". At her death the difference between what she was entitled to receive under the terms of the will and what she actually received amounted to $15,624.65. The corpus of the trust fund had increased from $22,105.42 to $31,396.51. The widow's administratrix claimed the unpaid balance, which claim the learned auditing judge allowed. The exceptions charge this to be error.

We start with the proposition that the will vested in the widow an absolute right to receive $4,000 yearly. Therefore, as said by Judge Penrose in Cooper's Estate, 147 Pa. 322, 323, "so far as the annual sums so given were not paid to her, she or her representatives have the right to insist that the deficiency shall be made up before any further distribution takes place, unless by her own act or agreement she has precluded herself from doing so." The burden of so showing was of course on exceptant and as Judge Penrose further observed, at page 325: "If these agreements were obscure they would not . : . be construed unfavorably to the widow."

The learned auditing judge found that the evidence offered by exceptant to meet the burden thus cast on him established neither a release nor a waiver nor a gift nor a binding agreement to accept the sum received in full satisfaction of that to which she was entitled.

Counsel for exceptant now in effect asks us to say that the auditing judge erred in so construing the evidence submitted which consisted solely of the undisputed oral testimony of the trust officer and involved no question of veracity.

We have carefully read the whole of the testimony and agree with the interpretation placed upon it by the learned auditing judge whose satisfactory discussion of the reasons for his conclusions and the applicable cases leaves little to be added. The most exceptants can urge is that one part of the testimony is susceptible of being stretched into a voluntary relinquishment of the excess not paid to

the widow, but we are not at liberty to accept the one of two constructions that would be unfavorable to the widow; Cooper's Estate, supra; nor reverse a trier of the facts, if there is any evidence or inference therefrom which can fairly be said to support the finding: Jacobs' Trust Estate, 320 Pa. 539; Boyd's Estate, 315 Pa. 283. Moreover, exceptant has failed to show that there was either a consideration to support the alleged release, or to support the waiver, consideration being essential whenever, as here, the elements of estoppel are absent: Dougherty, Trustee, et al. v. Thomas, Executor, 313 Pa. 287. Nor were the requisite essentials of a gift or of a contract shown.

The exceptions are dismissed and the adjudication confirmed absolutely.