Schaffer, Appellant, *v.* Cloud.

Argued January 7, 1947. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Edward F. Hitchcock,* for appellant.

*Albert Blumberg,* for appellee.

Opinion by Mr. Justice Jones, January 28, 1947:

In principal part, this appeal calls for an application of ". . . the familiar rule that findings of fact by a chancellor, approved by the court in banc, have the force and effect of a verdict by a jury and will not be disturbed by an appellate court if supported by evidence of the quality required": *Christy v. Christy,* 353 Pa. 476, 477-478, 46 A. 2d 169.

The plaintiff, a seventy-seven year old widower, filed his bill of complaint in this case in an effort to have the court below set aside his voluntary conveyance of his real property to a niece of his deceased wife. The niece was forty-three years old and unmarried. The complaint alleged that the plaintiff had known the respondent for many years; that she possessed his complete confidence; that, when he was feeble in mind and body and in need of assistance, the respondent had overpersuaded him to convey his property to her on her promise to take care of him for the rest of his life; that, after receiving the property, she had repudiated her promise in such regard; and, that thereafter she had refused to reconvey the property to the complainant upon his demand. The defendant filed a responsive answer which, by its specific denials, put in issue all of the material averments of the complaint. After a hearing on the merits, the learned chancellor, in a thorough and complete adjudication, found the facts to be in accord with the respondent's version and concluded as a matter of law that the complainant had made a valid gift to his niece of his real estate without condition; that he had the full legal capacity required to make the gift; and that the gift was made of the complainant's own free will without any undue influence being exercised upon him.

As the chancellor's findings are fully supported by the evidence and as the legal conclusions drawn therefrom logically follow, we should do no more in the circumstances than affirm on the basis of the learned chancellor's adjudication [1] were it not for an error in the decree which needs correction.

[1] See *Edirose Silk Manufacturing Company v. First National Bank and Trust Company*, 338 Pa. 139, 142, 12 A. 2d 40; *Baur v. Abbott*, 337 Pa. 33, 34, 10 A. 2d 5; *Markovitz, Exrx., v. Markovitz Brothers, Inc.*, 336 Pa. 129, 136, 8 A. 2d 38.

While the respondent at all times asserted and maintained the rectitude of her conduct in respect of the matter in suit, at trial she voluntarily proffered the complainant the use of the property in controversy for the remainder of his life with the understanding that she, as the record titleholder, might encumber the property, if that were found necessary, for the procurement of funds for the care and maintenance of the plaintiff. The respondent presumably so offered out of solicitude for the welfare and comfort of her aged uncle for whom she had tender affection, as the adjudication competently establishes. Notwithstanding that the findings and conclusions of the court below well justified the dismissal of the complainant's bill, the learned chancellor adopted the respondent's gratuitous offer and incorporated its substance in the decree in the nature of relief granted but, at the same time, directed in paragraph one of the decree that the bill be dismissed. Manifestly, with relief provided as above stated, it is necessary for the court to retain jurisdiction of the proceeding for the purpose of effectuating the decree. The bill may not, therefore, be dismissed. Accordingly, the decree will be amended by striking therefrom the first numbered paragraph and by substituting therefor the following: "1. Jurisdiction is retained for the purpose of effectuating the relief herein awarded the complainant."

As so amended, the decree of the court below is affirmed at the defendant's costs.