Schmoker, Appellant, *v.* Schmoker et al.

Argued April 15, 1948. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Daniel Marcu*, with him *George T. Robinson* and *Marcu, Marcu & Marcu*, for appellant.

*Webster S. Achey* and *George Garrison Shafer*, with them *Elmer D. Christine*, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 24, 1948:

This is an appeal from a decree in equity dismissing a bill for an injunction by a husband against his wife seeking to restrain her from disposing of securities and collecting income therefrom claimed by him to be his individual property; also for the wife and a national bank to pay the husband damages for the improper removal of the securities from the husband's individual safe deposit box in the bank.

This husband and his wife were unhappy in their marital relations. A separation occurred. Two actions in divorce were instituted by the wife against the husband, both of which are still pending. The securities were registered in both names and were deposited in the safe de-

posit box in a bank registered in both their names. The husband, without the knowledge of his wife, removed the securities and placed them in a safe deposit box of another bank in his own name. The wife, without the knowledge of her husband, secured access to this box and removed all the securities and put them in the hands of her attorney. Some of the securities were sold and the proceeds used to pay some arrearages of a support order. With full knowledge of all the facts, the husband and wife entered into a written agreement of division of the assets above referred to, effective *after* a divorce had been obtained by the wife. It was stipulated in the agreement that the cause for divorce would be alleged to be any cause except that of adultery. The agreement was drafted by the attorneys for both parties and was written by the attorney for the husband. For the convenience of the husband, the agreement was executed at his place of business in the presence of the two attorneys and a justice of the peace who took the husband's acknowledgment to a deed. In pursuance to the agreement, the securities were delivered *in escrow* to the president of a bank who still holds them in his possession. The husband also executed and delivered a written release to the bank, whose employe improperly gave the wife access to the husband's individual safe deposit box.

The husband, appellant, now contends that he executed the agreement under duress and also that the agreement was void as collusively agreeing that his wife should secure a divorce.

With abundant evidence to support his finding, the learned hearing judge found that the agreement was executed by the husband voluntarily and with full knowledge of all the facts and that it was not executed under duress. Such supported findings are binding on appeal: *Abbottsford Building and Loan Association v. Ballen et al.*, 317 Pa. 197, 176 A. 222; *Christy v. Christy*, 353 Pa. 476, 46 A. 2d 169; *Wm. Sellers & Co., Inc., v. Clarke-Harrison, Inc., et al.*, 354 Pa. 109, 46 A. 2d 497; *Erkess*

*v. Eisenthal et ux.*, 354 Pa. 161, 47 A. 2d 154; *Cochrane v. Szpakowski*, 355 Pa. 357, 49 A. 2d 692; *Norris Tool and Machine Co. v. Rosenlund et al.*, 355 Pa. 560, 50 A. 2d 273; *Schaffer v. Cloud*, 355 Pa. 650, 50 A. 2d 665; *Coleman, Administrator et al., v. Huffman et al.*, 357 Pa. 232, 235, 53 A. 2d 601.

The contract was not an illegal one. It contained no agreement to facilitate divorce proceedings or for the husband not to defend or that the husband would furnish helpful evidence to the wife to aid or assist her in obtaining a divorce: See *Forbes v. Forbes*, 159 Pa. Superior Ct. 243, 48 A. 2d 153. Bona fide agreements relating to adjustment of property rights between husband and wife, though in contemplation of divorce, will be upheld if not directly conducive to the procurement of a divorce: *Miller v. Miller*, 284 Pa. 414, 131 A. 236. Limiting by stipulation the causes upon which a divorce will be sought has been held not to invalidate a contract: *Martha Jane Irvin v. John Irvin*, 169 Pa. 529, 32 A. 445; *Miller v. Miller*, supra; *American National Bank of Camden, Admr., v. Kirk et al.*, 317 Pa. 551, 177 A. 801.

Decree affirmed at appellant's cost.